UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

DAVID NEKTALOV and IRIS ELIAZAROV NEKTALOV,

                Plaintiffs,

- against -

KUWAIT AIRWAYS CORPORATION,

                Defendant.

------------------------------------x

Civil Action No.

CV 15 0033

**NOTICE OF REMOVAL**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 05 2015 ★
BROOKLYN OFFICE

FILED
CLERK
2015 JAN -6 AM 10: 57
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

ORENSTEIN, M.J.

Defendant KUWAIT AIRWAYS CORPORATION (hereinafter referred to as "KAC"), by its attorneys Condon & Forsyth LLP, hereby removes this action to the United States District Court for the Eastern District of New York pursuant to the Foreign Sovereign Immunities Act of 1976. *See* 28 U.S.C. §§ 1330(a) and 1441(d).

    1.    This action was filed against KAC in the Supreme Court of the State of New York, County of Queens, by the filing of a Summons and Complaint on or about December 4, 2014. KAC was served with the Summons with Verified Complaint on or about December 24, 2014. A copy of the Summons with Verified Complaint is annexed hereto as Exhibit "A". No further proceedings have been had in this action.

    2.    The Complaint seeks damages against KAC for allegedly refusing to transport plaintiff Iris Eliazarov Nektalov from New York to London.

    3.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), in that defendant KAC is a foreign state.

    4.    This is an action brought against a "foreign state" as defined in 28 U.S.C. § 1603(a):

(a) Defendant KAC was, at the time this action was commenced, and now is a corporation duly organized and existing under the laws of Kuwait with its principal place of business in Kuwait;

(b) All of KAC's capital shares are owned by a foreign state, the Government of Kuwait; and

(c) Defendant KAC is neither a citizen of a State of the United States as defined in 28 U.S.C. § 1332(c) and (d), nor has it been created under the laws of any third country.

5. Defendant KAC, therefore, is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441(d).

WHEREFORE, defendant KUWAIT AIRWAYS CORPORATION prays that the action now pending in the Supreme Court of the State of New York, County of Queens, be removed therefrom to this Court.

Dated:   New York, New York
         January 6, 2015

CONDON & FORSYTH LLP

By _____
John Maggio (JM 6814)
jmaggio@condonlaw.com
Times Square Tower
7 Times Square
New York, New York 10036
(212) 490-9100

Attorneys for Defendant
KUWAIT AIRWAYS CORPORATION

TO:    Paul E. Kerson, Esq.
        Leavitt & Kerson
        Attorneys for Plaintiffs
        DAVID NEKTALOV and IRIS ELIAZAROV NEKTALOV
        45-29 47th Street
        Woodside, New York  11377
        Tel:  (718) 729-0623

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
x------------------------------------------------------------------x
DAVID NEKTALOV and IRIS ELIAZAROV
NEKTALOV

                              Plaintiffs,

        -against-

KUWAIT AIRWAYS CORPORATION,

                              Defendants

x------------------------------------------------------------------x

Index No.
Date Purchased:
Plaintiff Designates
 Queens County as place of trial.

The basis of venue is:
Residence of Plaintiff

**SUMMONS**

Plaintiff resides at:
110-18 68th Road
Forest Hills, NY 11375

To the above-named Defendant(s):

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: December 4, 2014
       Woodside, NY

PAUL E. KERSON
Leavitt & Kerson
Attorneys for Plaintiff
45-29 47th Street
Woodside, New York 11377
(718) 793-8822
Fax (718) 729-0623

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
x----------------------------------------------------------------x
DAVID NEKTALOV and IRIS ELIAZAROV
NEKTALOV

                          Plaintiffs,

   -against-

KUWAIT AIRWAYS CORPORATION,

                         Defendants,
x----------------------------------------------------------------x

Index No.
Date Purchased:
Plaintiff Designates
 Queens County as place of trial.

The basis of venue is:
Residence of Plaintiff

COMPLAINT

Plaintiff resides at:
110-18 68th Road
Forest Hills, NY 11375

       Plaintiffs, David Nektalov and Iris Eliazarov Nektalov by their attorney, Paul E. Kerson of the law offices of Leavitt & Kerson, Esqs., complaining of the defendant, Kuwait Airways Corporation, alleges:

1. At all times hereinafter mentioned, plaintiffs were and are residents of the Borough and County of Queens, City and State of New York.

2. At all times hereinafter mentioned, defendant Kuwait Airways Corporation was and is a foreign corporation doing business in New York pursuant to the Constitution and Laws of the State of New York and maintaining its principal place of business at Terminal 4, John F. Kennedy International Airport, Jamaica, Queens County, New York 11430.

3. Plaintiff David Nektalov was born in New York, is a citizen of the United States, and a resident of Queens County, New York. Plaintiff David Nektalov is Jewish.

4. Plaintiff Iris Eliazarov Nektalov was born in the State of Israel and came to the United States at the age of 11 years old with her parents and has resided in Queens County, New York ever since, a period of 14 years to date. Plaintiff Iris Eliazarov Nektalov is Jewish.

1

5. Plaintiffs are married to each other and the parents of four children, Shira Sonya Nektalov born June 2nd 2007, Ariella Nektalov born August 11th 2008, Devorah Nektalov born May 6th 2010, and Abigail Nektalov born Junte 3rd, 2013, all of said children being born in New York, and United States citizens. Plaintiff Iris Eliazarov Nektalov is currently pregnant with the fifth child of the plaintiffs.

6. On or about October 30th, 2014, Plaintiffs purchased round trip airline tickets from defendant Kuwait Airways Corporation, for travel on defendants' airplanes from John F. Kennedy International Airport in Queens County, New York to Heathrow Airport in London, England, United Kingdom. Plaintiffs duly paid for these airline tickets. Plaintiffs were to leave New York on November 1st, 2014, stay in London for three days, and return from London to New York on November 4th, 2014, all on defendants' airplanes, flights KU102 and KU101.

7. Plaintiffs arrived at John F. Kennedy International Airport in Queens County, New York on November 1st, 2014, passed their security check, and presented themselves and their tickets to defendant Kuwait Airways Corporation for boarding on defendants' airplane from New York to London.

8. Defendant's representative permitted plaintiff David Nektalov to board their airplane, but refused to permit plaintiff Iris Eliazarov Nektalov permission to board their airplane. Defendant's stated reason was that plaintiff Iris Eliazarov Nektalov "has an Israeli passport. She will not be able to get on the plane" despite the fact that she had a United States Permanent Resident Card (green card) in full force of effect then and now. Defendant directed plaintiff Iris Eliazarov Nektalov to find an airline ticket to London on a different airline.

9. In splitting plaintiff David Netkalov from his pregnant wife, plaintiff Iris Eliazarov Nektalov, defendant did so as an unlawful discriminatory practice because of plaintiffs'

2

creed (Jewish) and plaintiff Iris Eliazarov Nektalov's national origin (Israeli) in complete violation of the Human Rights Law of the State of New York, Executive Law Section 296(2).

10. The foregoing acts of defendant constitute unlawful discrimination in violation of the Human Rights Law of the State of New York, Executive Law Section 296(2).

11. The action of the defendant herein is with malice and without reason or basis and is so arbitrary, capricious and unfounded that plaintiff is entitled to damages in excess of the jurisdictional limits of all lower Courts which may otherwise exercise jurisdiction, and to additional damages as determined by this Court.

WHEREFORE, plaintiff demands judgment against defendant in a sum in excess of the jurisdictional limits of all lower courts which might otherwise exercise jurisdiction in this matter, and for a permanent injunction pursuant to CPLR Article 63 permanently restraining and enjoining defendant from ever again violating the Human Rights Law of the State of New York, for counsel fees, interest, the costs and disbursements of this action, and for such other and further relief as to the Court may seem just and proper.

PAUL E. KERSON
Leavitt & Kerson
Attorneys for Plaintiff
45-29 47th Street
Woodside, New York 11377
Telephone: (718) 793 - 8823
Fax: (718) 729 - 0623

Dated: December 4, 2014
Woodside, New York

3

## VERIFICATION

STATE OF NEW YORK )

COUNTY OF QUEENS ) ss:

DAVID NEKTALOV and IRIS ELIAZAROV NEKTALOV, being duly sworn, depose and say: We are the plaintiffs in this case. We have read the foregoing complaint and the same is true to our own knowledge, except to those matters alleged to be upon information and as for those matters we believe it to be true.

_____
DAVID NEKTALOV

_____
IRIS ELIAZAROV NEKTALOV

Sworn to before me this
4 day of December, 2014

_____
Notary Public

PAUL E. KERSON
Notary Public, State of New York
No. 4643475
Qualified in Westchester County
Commission Expires 11-30-17

4

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on the 6th day of January, 2015, deponent served the within Notice of Removal upon:

Paul E. Kerson, Esq.
Leavitt & Kerson
45-29 47th Street
Woodside, New York 11377

At the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Mary Ann Rooney

Sworn to before me this
6th day of January, 2015

Notary Public

JOHN MAGGIO
Notary Public, State of New York
No. 02MA5077422
Qualified in Nassau County
Commission Expires June 29, 2015