

Direct Dial: (212) 894-6792
Direct Fax:  (212) 370-4482
jmaggio@condonlaw.com

January 23, 2015

**VIA ECF**

Honorable Roslynn R. Mauskopf
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Nektalov v. Kuwait Airways Corporation
           15 cv 00033 (RRM)(JO)
           C and F Ref: JM/08931

Dear Judge Mauskopf:

We are attorneys for defendant Kuwait Airways Corporation ("KAC") and write in response to plaintiffs' letter which seeks a pre-motion conference regarding plaintiffs' intended motion to remand or, alternatively, for a preliminary injunction. At any such pre-motion conference, KAC respectfully requests this Court to hear its intention to file a motion to dismiss plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As to the motion for remand, plaintiffs challenge KAC's status as a "foreign state." KAC is a "foreign state" as defined in 28 U.S.C. § 1603(a) because it is owned by the State of Kuwait. Therefore, removal of this action to this Court was proper pursuant to 28 U.S.C. § 1441(d).

As to plaintiffs' alternative relief for a preliminary injunction, plaintiffs cannot meet the requisite burden. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (to succeed on a motion for a preliminary injunction, plaintiffs must show that they are "likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest."). Plaintiffs cannot meet this burden because the underlying complaint is not likely to succeed on the merits: (1) plaintiffs' claims are preempted by the Airline Deregulation Act (the "ADA"); and (2) under the Act of State doctrine, KAC cannot be liable for the denial of transportation to passengers based upon citizenship as required by the laws of Kuwait. For these same reasons, KAC seeks to file a motion to dismiss.

**Condon & Forsyth LLP** / 7 Times Square / New York, NY 10036
Tel 212.490.9100 / Fax 212.370.4453 / condonlaw.com

**New York**
**Los Angeles**

CONDON / FORSYTH

Honorable Roslynn R. Mauskopf
January 23, 2015
Page 2

1. Preemption

The ADA preempts state law claims that affect an airline's rates, routes and services. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383-84 (1992). Under the ADA "a State, political subdivision of a State, or political authority of at least two States may not enact or enforce a law, regulation, or other provision having the force or effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart." 49 U.S.C. § 41713(b). When determining whether a plaintiff's claim sounding in tort, as here, relates to a service, New York Courts apply a three-part test presented in *Rombom v. United Airlines, Inc.*, 867 F. Supp. 214 (S.D.N.Y. 1994). Under the *Rombom* test, (1) the court determines whether the activity at issue is an airline service; (2) if the court finds that it is a service, then the Court must decide whether the claim affects the airline service directly or tenuously, remotely or peripherally; and (3) the court must then decide whether the underlying tortious conduct was reasonably necessary to the provision of the service. *Id.* at 221-22.

Here, plaintiffs' claims fall within all three prongs for preemption. First, boarding procedures are airline services. *See Air Transp. Ass'n of Am., Inc. v. Cuomo*, 520 F.3d 218, 223 (2d Cir. 2008) (service encompasses boarding procedures); *see also Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (same). Second, the claims directly affect the way in which the airline boards passengers. *See Rombom*, 867 F. Supp. 221-22 (state claims arising out of airline's refusal to allow passenger to board directly implicate services). Third, the underlying conduct was reasonably necessary to the provision of the service. *See Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir. 1998) (citing to *Rombom* and holding that airline's boarding practices, specifically the refusal to permit the plaintiff to board a flight without proper identification, were preempted under the ADA); *but cf. Farash v. Continental Airlines, Inc.*, 574 F. Supp. 2d 356, 365 (E.D.N.Y. 2011) (finding that plaintiff's claims based on allegedly discriminatory seat reassignment were not preempted under the ADA because discriminatory motive on the basis of national origin and sex can never be reasonably necessary). This case is, however, distinguishable from *Farash*. Mrs. Nektalov was not allowed to board the KAC flight because she was traveling under an Israeli passport. Accordingly, the alleged discrimination here is based on Mrs. Nektalov's citizenship, and distinctions based on citizenship are not deemed discriminatory under Title VII of the Civil Rights Act. *See Espinoza v. Farah Mfg. Co.*, 414 U.S. 86, 93 (1973) (petitioner's lack of citizenship does not constitute discrimination on the basis of national origin).

Even if the ADA does not apply, plaintiffs' claims under New York State Human Rights Law § 296(2) would nonetheless fail on the merits. The Complaint alleges that KAC discriminates based on "creed (Jewish)" and "national origin (Israeli)." Compl. ¶ 9. KAC's policy at issue here regarding the carriage of passengers is based on citizenship, not creed or national origin. New York State Human Rights Law causes of action are analyzed under the Title VII framework, *see McDowell v. N. Shore-Long Island Jewish Health Sys., Inc.*, 839 F. Supp. 2d 562, 570 (E.D.N.Y. 2012), and as stated above, distinctions based on citizenship are not discriminatory. *See E.E.O.C.*

CONDON // FORSYTH

Honorable Roslynn R. Mauskopf
January 23, 2015
Page 3

*v. United Air Lines, Inc.*, 287 F.3d 643, 650 n.3 (7th Cir. 2002) ("there is no question that, if the charge alleged only citizenship discrimination, it would be outside the scope of Title VII").

2. Act of State Doctrine

KAC's refusal to transport passengers of Israeli citizenship is required by Kuwaiti law and, as a national carrier certificated by the government of the State of Kuwait, it must comply with all laws and regulations of Kuwait. In accordance with Kuwaiti law:

> Every natural or legal person is prohibited to enter into an agreement . . . with entities or persons residing in Israel, or Israeli citizenship . . . regardless of their domicile, whenever the object of the agreement is to conduct commercial deals, financial transactions or any other dealings regardless of nature.

State of Kuwait's Law No. 21 of 1964, Article 1. The Act of State doctrine "precludes judicial inquiry into the acts and conduct of officials of the foreign state . . . ." *O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A.*, 830 F.2d 449, 452 (2d Cir. 1987); *see also Shen v. Japan Airlines*, 918 F. Supp. 686, 691 (S.D.N.Y. 1994). The Supreme Court has explained that "[a]ct of state issues only arise when a court *must decide* — that is, when the outcome of the case turns upon — the effect of official action by a foreign sovereign." *W.S. Kirkpatrick & Co., Inc. v. Environmental Tectonics Corp., Int'l*, 493 U.S. 400, 406 (1990). Here, plaintiffs ask this Court to determine whether the actions by KAC were unlawful, i.e., whether the airline's adherence to Kuwaiti law is unlawful, which is precisely what the Act of State doctrine prohibits and, thus, the case should be dismissed.

For the foregoing reasons, plaintiffs' claims are without merit and defendant Kuwait Airways Corporation respectfully requests a pre-motion conference, pursuant to Individual Rule III(a)(2), to move to dismiss the Complaint in its entirety.

Respectfully yours,

John Maggio

cc:   Paul E. Kerson, Esq. (via ECF)
      Leavitt & Kerson
      Attorneys for Plaintiffs