UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
x-------------------------------------------------------x
DAVID NEKTALOV and IRIS ELIAZAROV NEKTALOV,

Plaintiffs,

-against-

KUWAIT AIRWAYS CORPORATION,

Defendant.
x-------------------------------------------------------x

**AMENDED COMPLAINT**

Case No. 15-CV-00033 (RRM) (JO)

Plaintiffs, David Nektalov and Iris Eliazarov Nektalov, by their attorney, Paul E. Kerson, Esq. of the Law Offices of Leavitt & Kerson, Esqs., complaining of the defendant, Kuwait Airways Corporation, alleges:

**PRELIMINARY STATEMENT**

1. On November 1st, 2014, defendant Kuwait Airways Corporation (KAC) unlawfully removed plaintiff Iris Eliazarov Nektalov from flight KU102 for which plaintiffs possessed valid tickets and refused to fly plaintiff Iris Eliazarov Nektalov on any other KAC flight, on the basis of their perceived race, creed, religion, color, ethnicity, alienage, ancestry, national origin, and/or citizenship status.

2. Defendant KAC had no legitimate nondiscriminatory reason to justify their treatment of plaintiff Iris Eliazarov Nektalov, rather, defendant KAC based its actions on plaintiff Iris Eliazarov Nektalov's race, creed, religion, color, ethnicity, alienage, ancestry, national origin, and/or citizenship status. Because of defendant KAC's discriminatory acts, plaintiff David Nektalov and plaintiff Iris Eliazarov Nektalov were denied the right to make and enforce a contract, subjected to unlawful discrimination and denied equal treatment in a place of public accommodation.

3. Defendant KAC with the intent to cause harm to plaintiffs' reputation, maliciously, recklessly, and without regard to their privacy and integrity, defamed and made false reports against plaintiffs to justify their illegal action.

4. Federal law expressly provides that an "air carrier or foreign air carrier may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex or ancestry." 49 U.S.C. Section 40127(a). Federal Law also provides that "an air carrier or foreign air carrier may not subject a person, place, port, or type of traffic in foreign air transportation to unreasonable discrimination." 49 U.S.C. Section 41310(a).

5. Notwithstanding the clear dictates of 49 U.S.C. Sections 40127(a) and 41310(a), defendant KAC takes the position that it may unlawfully discriminate against passengers of Israeli alienage, national origin and citizenship status and the Jewish creed and religion because of Kuwait Law No. 21 of 1964, Concerning the Unified Law for the Boycott of Israel, which Kuwait statute provides for criminal penalties of "hard labor for not less than 3 years and not more than 10 years" and a possible fine "not exceeding 5,000 Kuwaiti Dinars in addition to the sentence of hard labor." See attached Exhibit A. Defendant has attempted to enforce Kuwait Law No. 21 of 1964 at Kennedy Airport in Queens County, New York within the Eastern District of New York in violation of International Law, knowing full well that Kuwait Law No. 21 of 1964 had no territorial applicability whatsoever in the Borough and County of Queens, City and State of New York, and the United States.

6. Plaintiffs bring this action under 42 U.S.C. Section 1981, title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d, 49 U.S.C. Section 40127(a) and 41310, the Human Rights Law of the State of New York, New York Executive Law Sections 296 and 297, and the New York City Human Rights Law, New York City Administrative Code Sections 8-107,

8-107(4), 8-107(18), and 8-130 and State Tort Claims. The supplemental jurisdiction of this Court is invoked for New York State and New York City Law Claims pursuant to 28 U.S.C. Section 1367. Plaintiffs seek declaratory relief, compensatory and punitive damages, and injunctive relief to prevent future unlawful discrimination by defendant.

7. This Civil Rights lawsuit is brought to ensure that the promise of equal treatment embodied in the Federal, State, and City Anti-Discrimination Laws and the United Nations Charter does not become a meaningless guarantee, for persons perceived to be of the Jewish religion, creed, or Israeli national origin, alienage or citizenship status.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343. This Court has pendant and supplemental jurisdiction over the State and City law claims alleged in this Complaint pursuant to 28 U.S.C. Section 1367. Declaratory and injunctive relief is authorized by 28 U.S.C. Sections 1343(a)(4), 2201 and 2202.

9. The events giving rise to the claims alleged in this Complaint arose at the John F. Kennedy International Airport in the Borough and County of Queens, City and State of New York. Defendant KAC maintains a business presence at the John F. Kennedy International Airport. John F. Kennedy International Airport is located in the Eastern District of New York. Venue therefore lies in this Court pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

**PARTIES**

10. Plaintiff David Nektalov was born in New York, and is a citizen of the United States, and a resident of the Borough and County of Queens, City and State of New York. Plaintiff David Nektalov is of the Jewish creed and/or religion.

11. Plaintiff Iris Eliazarov Nektalov was born in the State of Israel and came to the United States at the age of 11 years old with her parents and has resided in the Borough and County of Queens, City and State of New York ever since, a period of 14 years to date. Plaintiff Iris Eliazarov Nektalov is of the Jewish creed and/or religion.

12. Plaintiffs are married to each other and the parents of four children, Shira Sonya Nektalov, born June 2nd, 2007, Ariella Nektalov born August 11th, 2008, Devorah Nektalov, born May 6th, 2010, and Abigail Nektalov, born June 3rd, 2013, all of said children being born in New York, and United States citizens. Plaintiff Iris Eliazarov Nektalov is currently pregnant with the fifth child of the plaintiffs.

13. Defendant Kuwait Airways Corporation (KAC) was and is a foreign corporation doing business in New York pursuant to the Constitution and Laws of the State of New York and maintaining its principal place of business at Terminal 4, John F. Kennedy International Airport, Jamaica, Borough and County of Queens, City and State of New York, 11430.

**FACTS**

14. On or about October 30th, 2014, plaintiffs purchased round trip airline tickets from defendant KAC for travel on defendants' airplanes from John F. Kennedy International Airport in the Borough and County of Queens, City and State of New York to Heathrow Airport in London, England, United Kingdom. Plaintiffs duly paid for these airline tickets. Plaintiffs were to leave New York on November 1st, 2014, stay in London for three days, and return from London to New York on November 4th, 2014, all on defendants' airplanes, flights KU102 and KU101.

15. Plaintiffs arrived at John F. Kennedy International Airport in the Borough and County of Queens, City and State of New York on November 1st, 2014 and passed their security

check, and presented themselves, and their tickets to the defendant KAC for boarding on defendants' airplane from New York to London.

16. Defendant KAC's representative permitted plaintiff David Nektalov to board their airplane, but refused to permit plaintiff Iris Eliazarov Nektalov permission to board their airplane. Defendant's stated reason was that Iris Eliazarov Nektalov "has an Israeli passport. She will not be able to get on the plane," despite the fact that she had a United States Permanent Resident Card (Green card) in full force and effect then and now. Defendant directed plaintiff Iris Eliazarov Nektalov to find an airline ticket to London on a different airline.

17. In splitting plaintiff David Nektalov from his pregnant wife, plaintiff Iris Eliazarov Nektalov, defendant did so as an unlawful discriminatory practice because of plaintiffs' creed and religion (Jewish) and plaintiff Iris Eliazarov Nektalov's alienage, national origin and/or citizenship status in violation of City, State, Federal and International Law.

18. Defendant's actions were intentional, malicious, willful, wanton, and callous.

19. Defendant's actions showed reckless disregard for plaintiffs' Civil and Constitutional rights.

## CLAIMS FOR RELIEF

## COUNT I - UNLAWFUL DISCRIMINATION UNDER 42 U.S.C. SECTION 1981

20. Plaintiffs repeat and re-allege paragraphs 1 through 19 as though fully set forth herein.

21. On November 1st, 2014, at all times relevant to the events described above, the pilots, flight crew, gate agents, and air marshalls of defendant KAC flight number KU102, were employees, agents, and/or representatives of defendant KAC.

22. The discriminatory practices described above were carried out:

(a) At the direction of and with the consent, encouragement, knowledge, and ratification of the defendant KAC.

(b) Under defendant KAC's authority, control, and supervision, and/or

(c) Within the scope of defendant KAC's employees' employment

23. Defendant KAC is liable for the unlawful acts of its employees, agents, and/or representatives directly and/or under the doctrine of *Respondeat Superior.*

24. Defendant KAC engaged in intentional discrimination based on plaintiff's race, color, creed, religion, alienage, ancestry, and/or national origin and/or citizenship status and caused plaintiffs to suffer deprivation of their right to make and enforce contracts. Defendant KAC in unlawfully discriminating against the plaintiffs at Kennedy Airport in the Borough and County of Queens, City and State of New York within the Eastern District of New York, knew or should have known that they were not in Kuwait at the time, and that the laws of the City of New York, the State of New York, and the United States would govern their activities and not the law of Kuwait.

25. Defendant KAC's actions violated 42 U.S.C. Section 1981 which provides at subsection (a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, the parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property…"

26. As a direct, foreseeable and proximate result of said wrongful acts by defendants, plaintiffs suffered and will continue to suffer humiliation, anxiety to fly, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiff's damage in an amount to be proven at time of trial.

27. As a direct, foreseeable, and proximate result of said wrongful acts by defendant KAC, plaintiffs, frequent travelers, have endured, and will continue to endure economic losses and emotional stress due to the difficulty of finding an alternate airline route.

**COUNT II - TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

**(42 U.S.C. SECTION 2000d)**

28. Plaintiffs repeat and re-allege paragraphs 1 through 27 as though fully set forth herein.

29. Defendant KAC, is the recipient of federal financial assistance in that said airline is government owned and the Government of Kuwait was the beneficiary of substantial United States Government assistance in its 1991 war with the Government of Iraq. Defendant KAC also is the recipient of substantial federal financial assistance in that it regularly lands at John F. Kennedy Airport in the Borough and County of Queens, City and State of New York, within the Eastern District of New York, and said airport receives considerable federal financial assistance. Defendant KAC engaged in an intentional discrimination based on plaintiffs' race, religion, creed, color, alienage, and/or national origin and/or citizenship status.

30. Defendant KAC's actions violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000d.

31. As a direct, foreseeable, and proximate result of said wrongful acts of defendant, plaintiffs suffered and will continue to suffer humiliation, anxiety to fly, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiffs' damage in an amount to be proven at time of trial.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiffs repeat and re-allege paragraphs 1 through 31 as though fully set forth herein.

33. Defendant KAC acted intentionally and/or recklessly when it refused permission to the pregnant plaintiff Iris Eliazarov Nektalov to board defendant's flight KU102 from New York to London, but permitted plaintiff David Nektalov to board the same airplane. KAC also refused to assist the pregnant plaintiff Iris Eliazarov Nektalov in finding a ticket from New York to London on a different airline.

34. Plaintiffs did not engage in any behavior or make any comments that could justify defendant KAC's decision to not allow plaintiff Iris Eliazarov Nektalov to board defendant's airplane.

35. Plaintiffs did not engage in any behavior or make any comments that could justify defendant KAC's decision to deny plaintiff Iris Eliazarov Nektalov any subsequent transportation services after she had been cleared by the Transportation Security Administration (TSA).

36. Defendant KAC had no legitimate, non-discriminatory reason to believe that plaintiffs posed any security risk.

37. Defendant KAC discriminated against plaintiffs.

38. Defendant KAC's extreme and outrageous conduct caused plaintiffs severe emotional distress and anxiety.

39. As a direct, foreseeable, and proximate result of said wrongful acts by defendant, plaintiffs suffered and will continue to suffer humiliation, anxiety to fly, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiffs' damage in an amount to be proven at the time of trial.

**COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

40. Plaintiffs repeat and re-allege paragraphs 1 through 39 as though fully set forth herein.

41. On November 1st, 2014, defendant KAC acted negligently and/or recklessly when they refused to allow plaintiff Iris Eliazarov Nektalov to board its airplane flight KU102 from New York to London despite the fact that plaintiff Iris Eliazarov Nektalov had a paid-for ticket and had been cleared to fly by the Transportation Security Administration (TSA).

42. Defendant KAC acted willfully when it defamed plaintiff's reputations and disparaged their characters, refusing to board plaintiff Iris Eliazarov Nektalov on flight KU102 from New York to London.

43. Defendant KAC should have known their discriminatory treatment of plaintiffs would create a reasonable risk of emotional and physical damages and did in fact, cause emotional distress.

44. As a direct, foreseeable, and proximate result of said wrongful acts by defendant, plaintiffs suffered, and will continue to suffer humiliation, anxiety to fly, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiffs' damage in an amount to proven at the time of trial.

**COUNT V - NEGLIGENCE**

45. Plaintiffs repeat and re-allege paragraphs 1 through 44 as though fully set forth herein.

46. Defendant KAC through the actions of its employees, agents, and/or representatives owed plaintiffs a duty as a common carrier.

47. Defendant KAC breached its duty when it refused to allow plaintiff Iris Eliazarov Nektalov to board its fight KU102 solely on the basis of her race, color, creed, alienage, religion, ancestry, and/or national origin and/or citizenship status.

48. Upon information and belief, no government or law enforcement agency or personnel requested that plaintiff Iris Eliazarov Nektalov be removed from defendant KAC's flight KU102, nor did any government or law enforcement agency, or personnel suggest that plaintiffs pose a threat to security or safety.

49. Upon information and belief, no government or law enforcement agency or personnel requested that plaintiffs be denied transportation services on a subsequent flight.

50. Plaintiffs did not engage in any behavior or make any comments that could justify defendant KAC's decision to have plaintiff Iris Eliazarov Nektalov removed from flight KU102.

51. Plaintiff did not engage in any behavior or make any comments that could justify defendant KAC's decision to deny plaintiff Iris Eliazarov Nektalov any further transportation services after she had been cleared by the Transportation Security Administration (TSA).

52. Defendant KAC breached its duty to plaintiffs when it ejected plaintiff Iris Eliazarov Nektalov from flight KU102 and refused to board her on any subsequent KAC flight without any nondiscriminatory reason to conclude that plaintiffs posed a security risk.

53. It was reasonably foreseeable that defendant KAC's breach of its duty to plaintiffs would cause injury to plaintiffs.

54. As a direct, foreseeable, and proximate result of the said wrongful acts by defendant KAC, plaintiffs suffered and will continue to suffer humiliation, anxiety to fly, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiffs' damage in an amount to be proven at the time of trial.

## COUNT VI – FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE

55. Plaintiffs repeat and re-allege paragraphs 1 through 54 as though fully set forth herein.

56. Defendant KAC is responsible for the training, instruction, supervision and discipline of its employees and/or representatives who were at all times relevant acting within the scope of their employment.

57. Upon information and belief, defendant KAC provided grossly inadequate training, instruction, supervision and discipline to defendant KAC's agents, employees, and/or representatives.

58. Defendant KAC should have known, trained, and instructed its employees, agents, and/or representatives to be aware that discrimination on the basis of race, ethnicity, religion, alienage, creed, and/or national origin or citizenship status is against the law of the City of New York, the State of New York, and the United States and that Kuwait Law No. 21 of 1964 (Concerning the Unified Law for the Boycott of Israel) is effective only within the territory of Kuwait, and has no force or effect whatsoever in the Borough and County of Queens, the City and State of New York, and/or in the United States.

59. Defendant KAC's inadequate training, supervision and discipline of its employees, agents, and/or representatives subjected plaintiffs to intentional discrimination on the basis of their race, ethnicity, religion, creed, and/or national origin and/or citizenship status.

60. Defendant KAC's employees, agents, and/or representatives' acts of intentional discrimination caused Plaintiff Iris Eliazarov Nektalov to be unlawfully removed from KAC flight KU102 and to be denied service on any subsequent KAC flights.

61. As a consequence of defendant KAC's failure to train, supervise, and discipline its employees, agents, and/or representatives, plaintiffs suffered and will continue to suffer

humiliation, anxiety to fly, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiffs' damage in an amount to be proven at the time of trial.

**COUNT VII - UNLAWFUL DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW, NEW YORK EXECUTIVE LAW SECTIONS 296 AND 297 AND THE NEW YORK CITY HUMAN RIGHTS LAW, NEW YORK CITY ADMINISTRATIVE CODE SECTIONS 8-107 AND 8-130.**

62. Plaintiffs repeat and re-allege paragraphs 1 through 64 as though fully set forth herein.

63. Defendant KAC engaged in intentional discrimination based on plaintiffs' race, color, religion, creed, ancestry, and/or national origin, and/or citizenship status and caused plaintiffs to suffer deprivation of their right to make and enforce contracts.

64. Defendant KAC's actions violated the Human Rights Law of the State of New York, New York Executive Law Sections 296 and 297.

65. Defendant KAC's actions violated the New York City Human Rights Law, New York City Administrative Code Sections 8-107, 8-107(4), 8-107(18), and 8-130, and defendant KAC engaged in an unlawful discriminatory practice at a public accommodation in violation of New York City Administrative Code Section 8-107(4) in that defendant KAC discriminated against plaintiffs because of their "perceived race, creed, color, national origin, age, gender, disability, marital status, partnership, sexual orientation or alienage or citizenship status."

66. Defendant KAC's actions violated New York City Administrative Code Section 8-107(18) in that defendant KAC engaged in an "unlawful boycott or blacklist" because of plaintiff's

"actual or perceived race, creed, color, national origin, gender, disability, age, marital status, partnership status, sexual orientation, or alienage or citizenship status…"

67. Defendant KAC unlawfully discriminated against plaintiffs in violation of New York City Administrative Code Section 8-130 in that the said New York City Administrative Code Section 8-130 is to be "construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State Human Rights Laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed."

68. Defendant KAC in unlawfully discriminating against the plaintiffs at John F. Kennedy International Airport in the Borough and County of Queens, City and State of New York, within the Eastern District of New York, knew or should have known that they were not in Kuwait at the time, and that the laws of the City of New York, the State of New York, and the United States would govern their activities, and not the law of Kuwait.

## COUNT VIII - VIOLATION OF THE UNITED NATIONS CHARTER

69. Plaintiffs repeat and re-allege paragraphs 1 through 68 as if more fully set forth herein.

70. The United States of America, the State of Israel, and the State of Kuwait, are all members of the United Nations and pledged to abide by the Charter of the United Nations.

71. The said United Nations Charter at Chapter 1, Article 1, Section 3, provides that:

> "The purposes of the United Nations are… (3) to achieve international co-operation in solving international problems of an economic, social, cultural, or humanitarian character, and in promoting and encouraging respect for human rights and for fundamental freedoms for all without distinction as to race, sex, language, or religion;…"

72. The aforesaid actions of defendant KAC in splitting plaintiff David Nektalov from his pregnant wife, plaintiff Iris Eliazarov Nektalov at the gate to flight KU102 at Kennedy

Airport in the Borough and County of Queens, City and State of New York on November 1st, 2014, refusing to allow plaintiff Iris Eliazarov Nektalov to board defendant's airplane because of her religion, creed, alienage, national origin and/or citizenship status, the said defendant KAC, a wholly owned entity of the Government of Kuwait, violated the Charter of the United Nations, Chapter 1, Article 1, Subsection 3.

73. As a result of defendant KAC's violation of the United Nations Charter, plaintiffs have suffered and will continue to suffer humiliation, anxiety to fly, shame, despair, embarrassment, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiffs' damage in an amount to be proven at the time of trial.

**COUNT IX – VIOLATION OF FEDERAL ANTI-BOYCOTT REGULATIONS**

74. Plaintiffs repeat and re-allege paragraphs 1 through 73 as if more fully set forth herein.

75. The federal anti-boycott provisions of the Export Administration Regulations (EAR) prohibit any "United States person" from refusing to do business with a national of a friendly foreign country when such refusal is pursuant to an agreement with the boycotting country, or a requirement of the boycotting country, or a request from on behalf of the boycotting country." 15 C.F.R. Section 760.2(a)(1).

76. The term "United States person" as set forth in 15 C.F.R. Section 760.2(a)(1) includes "any foreign concerns' subsidiary, partnership, affiliate, partnership, branch, office, or other permanent establishment in any State of the United States…" See 15 C.F.R. Section 760.1(b)(1)(iv).

77. The defendant KAC, in maintaining its office at Terminal 4 of Kennedy Airport in the Borough and County of Queens, City and State of New York is a "United States person" within the meaning of 15 C.F.R. Section 760.1(b)(1)(iv) and thus prohibited from carrying

on a boycott of plaintiff Iris Eliazarov Nektalov, a United States permanent resident holding an Israeli passport.

78. As a result of defendant KAC's violation of 15 C.F.R. Section 760.2(a)(1), plaintiffs have suffered and will continue to suffer humiliation, anxiety to fly, shame, despair, depression, mental pain, anguish, injury to their reputations, and economic losses, all to plaintiffs' damage in an amount to be proven at the time of trial.

79. Pursuant to Federal Rules of Civil Procedure, Rule 38, plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court:

(a) Declare that the actions of defendant KAC described above, constitute discrimination on the basis of race, religion, creed, color, ethnicity, alienage, ancestry, and/or national origin, and/or citizenship status in violation of 42 U.S.C. Section 1981, 42 U.S.C. Section 2000d, 49 U.S.C. Sections 41310 and 40127(a) and the Human Rights Law of the State of New York, (New York Executive Law Sections 296 and 297) and the New York City Human Rights Law (New York City Administrative Code Sections, 8-107, 8-107(4), 8-107(18) and 8-130) and the United Nations Charter Chapter 1, Article 1, Section 3 and 15 C.F.R. Section 760.2(a); and

(b) Enter a permanent injunction directing defendant KAC to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein, and to prevent similar occurrences in the future, pursuant to 42 U.S.C. Section 1981, 42 U.S.C. Section 2000d, 49 U.S.C. Sections 41310 and 40127(a) and the Human Rights Law of the State of New York (New York Executive Law Sections 296 and 297) and the New York City Human Rights Law (New York City Administrative Code Sections

8-107, 8-107(4), 8-107(18) and 8-130) and the United Nations Charter, Chapter 1, Article Section 3 and 15 C.F.R. Section 760.2(a); and

(c) Award plaintiffs compensatory damages in an amount to be determined at trial to compensate them for being deprived of their right to travel as passengers in air transportation and their right not to be separated in said travel regardless of their perceived race, color, national origin, creed, religion, ethnicity, ancestry, alienage, and/or citizenship status including damages for fear, mental pain, inconvenience, humiliation, embarrassment, emotional distress, financial injury, including lost business profits as provided under 42 U.S.C. Section 1981, 42 U.S.C. Section 2000d, 49 U.S.C. Sections 41310 and 40127(a), and the Human Rights Law of the State of New York (New York Executive Law Sections 296 and 297), and the New York City Human Rights Law Sections 8-107, 8-107(4), 8-107(18), and 8-130 and the United Nations Charter, Chapter 1, Article 1, Section 3, and 15 C.F.R. Section 760.2(a) and

(d) Award plaintiffs punitive or exemplary damages against defendants under the provisions of 41 U.S.C. Section 1981, 42 U.S.C. Section 2000d, 49 U.S.C. Sections 41310 and 40127(a), and the Human Rights Law of the State of New York (New York Executive Law Sections 296 and 297), the New York City Human Rights Law (New York City Administrative Code Sections 8-107, 8-107(4), 8-107(18), 8-130) and the United Nations Charter, Chapter 1, Article 1, Section 3 and 15 C.F.R. Section 760.2(a), and

(e) Award plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to but not limited to 42 U.S.C. Section 1988, the Human Rights Law of the State of New

York (Executive Law Sections 296 and 297), and the New York City Human Rights Law (New York City Administrative Code Sections 8-107 and 8-130), and

(f) Award plaintiffs compensatory and punitive damages against defendant under the common law tort claims of defamation, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, failure to train, supervise, and discipline, and

(g) Award plaintiffs such other relief as to the Court deems just and proper.

Respectfully submitted,

Dated: February 26th, 2015
Woodside, New York

PAUL E. KERSON
Leavitt & Kerson
Attorneys for Plaintiffs
45-29 47th Street
Woodside, New York 11377
(718) 793 – 8822
Fax: (718) 729 – 0623

**VERIFICATION**

STATE OF NEW YORK ):
COUNTY OF QUEENS ) ss.:

IRIS ELIAZAROV NEKTALOV, being duly sworn, deposes and says: I am one of the plaintiffs in this case. I have read the foregoing Amended Complaint and the same is true to my own knowledge, except as to those matters to be alleged to be upon information and belief and as to those matters I believe it to be true.

IRIS ELIAZAROV NEKTALOV

Sworn to before me
this 26th day of February, 2015

Notary Public

PAUL E. KERSON
Notary Public, State of New York
No. 4643475
Qualified in Westchester County
Commission Expires 11-30-17