

Direct Dial: (212) 894-6792
Direct Fax: (212) 370-4453
jmaggio@condonlaw.com

January 15, 2016

Honorable James Orenstein
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Nektalov v. Kuwait Airways
      Case No.: 15 CV 00033 (JO)
      C&F Ref: JM/8931

Dear Magistrate Judge Orenstein:

We represent defendant Kuwait Airways Corporation and respectfully submit the following regarding Your Honor's queries during oral argument held January 14, 2016 [DE 51] as to the preemptive effect of the Montreal Convention on plaintiffs' claim for injunctive relief.

During oral argument, Your Honor had called the parties' attention to *Dasrath v. Continental Airlines, Inc.*, 228 F. Supp. 2d 531 (D.N.J. Oct. 17, 2002) (denying airline's motion to dismiss passengers' claims for discrimination in international transportation). Regarding Continental's motion to dismiss plaintiffs' claim for injunctive relief, the *Dasrath* court essentially held that Article 24 of the Warsaw Convention (Article 29 of the Montreal Convention) preempts only claims for "damages," i.e., monetary awards, for past conduct and does not preempt claims seeking to enforce prospective compliance with local law by an airline.

As Your Honor also pointed out, there is no case on point in this Circuit. However, the case law in this Circuit would caution against following the holding set forth in *Dasrath*, as the Second Circuit and courts in this District consistently find complete preemption under the Montreal Convention. *See King v. Am. Airlines, Inc.*, 284 F. 3d 352, 361 (2d Cir. 2002) (". . . the Convention's preemptive effect on local law extends to all causes of action . . . ."); *see also Singh v. N. Am. Airlines*, 426 F. Supp. 2d 38, 45 (E.D.N.Y. 2006) (finding complete preemption under the Convention).

Accordingly, the interpretation of the Convention's preemptive scope by courts in this Circuit is more in line with the reasoning set forth in *Waters v. Port Auth. of N.Y. & N.J.*, 158 F. Supp. 2d 415 (D.N.J. 2001). In *Waters*, the court held that plaintiff's state and federal law discrimination

Honorable James Orenstein
January 15, 2016
Page 2

claims, including his claims for declaratory and injunctive relief, are completely preempted by the Convention pursuant to *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999), in which the Supreme Court held that recovery for personal injuries (including discrimination) "'*if not allowed under the Convention, is not available at all.*'" *Waters*, 158 F. Supp. 2d at 422 (quoting *Tseng* and adding emphasis); *see also King*, 284 F.3d at 361 (2d Cir. 2002) (holding that discrimination claims are preempted by the Convention and citing favorably to *Waters*).

Finally, regarding Your Honor's hypothetical question as to the extreme and outrageous nature of a policy of discrimination in relation to a claim for intentional infliction of emotional distress, such a theory of recovery is not available when remedy for the policy is available under the Human Rights Law. *See Audrey v. Career Inst. of Health & Tech.*, No. 06-CV-5612, 2014 WL 2048310, at *4 (E.D.N.Y. May 18, 2014) (internal citations omitted).

Respectfully Submitted,

CONDON & FORSYTH LLP

*/s/ John Maggio*

John Maggio


cc: Paul E. Kerson, Esq. (via ECF)
Leavitt & Kerson
Attorneys for Plaintiffs
118-35 Queens Blvd. Suite 1205
Forest Hills, New York 11375